986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Hanee MADYUN, Defendant-Appellant.
 No. 91-5085.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 2, 1992
Decided: February 17, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Senior District Judge . (CR-91-25-H)
 Argued: Gregg Lewis Bernstein, Miles & Stockbridge, Baltimore, Maryland, for Appellant.
 Jamie M. Bennett, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 On Brief: Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, AND WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Hanee Madyun, appeals his conviction on two counts of possession of a firearm under 18 U.S.C.s 922(g). Specifically, Madyun argues that the evidence used against him was gained by a faulty search warrant and that he should have received an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Madyun further asserts that the admission at trial of papers reflecting his lottery winnings was improper, that a piece of evidence attributing ownership of the firearms in question should have been fully redacted, and that the district court made an improper response to a jury question. We find no reversible error and affirm.
 
 
 2
 As a result of an investigation into a drive-by shooting and murder on December 23, 1990 in Arlington, Virginia, officers of the Prince George's County Police Department, acting with the cooperation of the Arlington Police Department, executed a search warrant of Madyun's home at 10906 Valley Brook Drive, Fort Washington, Maryland. The affidavit in support of that warrant recited the following facts: (1) that the homicide victim's sister, Miss Sandra Bigsby, had reported a threat made by Madyun to her brother the day before the shooting which implied that Madyun intended to kill Bigsby; (2) that a dark green Nissan Pathfinder type vehicle jeep was seen leaving the scene of the murder; (3) that Madyun owned a dark green Toyota Forerunner; (4) that a dark green 1990 Toyota belonging to Madyun had been seen by a police officer near the scene of the murder some eighteen hours prior to the time of the murder; and (5) that Madyun had a record of convictions for crimes of violence.
 
 
 3
 When the search warrant was executed, the officers recovered a .25 Raven Arms semi-automatic pistol from the bedroom Madyun shared with his wife. The Raven Arms pistol was located in a chest of drawers in the master bedroom covered by men's clothing and next to a package of condoms and a stack of lottery tickets. A Smith and Wesson .357 revolver was found in the basement, hidden under a ceiling tile. Because Madyun was a prior convicted felon, the case was referred to the Bureau of Alcohol, Tobacco and Firearms (ATF) for federal prosecution under 18 U.S.C. § 922(g). Federal agents obtained and executed a second search warrant of the Madyun residence on February 19, 1991. The purpose of this search was to obtain evidence linking Madyun to the ownership of the firearms found on December 23, 1991.
 
 
 4
 The second, federal, search warrant was never contested, but the first search warrant executed by the local authorities was. Madyun made a motion to suppress the evidence recovered in the first search based on two grounds. First, Madyun asserted that the affidavit that had formed the basis of the first search warrant did not provide sufficient facts to meet a probable cause threshold. Second, Madyun contended that the affiant deliberately omitted certain information with the intent to mislead the reviewing judicial officer as to the existence of probable cause. Madyun alleged that the affiant failed to inform the judicial officer reviewing the warrant that one witness, Miss Florence Puryear, told police that she was familiar with Madyun's car and that the car she saw at the scene was not his. Madyun similarly alleged that a statement from another witness, James Robinson, which implied that the car seen leaving the homicide scene could not have been Madyun's, had also been deliberately omitted from the affidavit in support of the search warrant. The district court denied the motion to suppress on both grounds. It held that there was sufficient probable cause, under the totality of the circumstances, to have granted a search warrant of Madyun's home to locate a potential murder weapon. Madyun' request for a evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), based on the argument the affiant had deliberately omitted certain evidence to mislead the judicial officer who granted the warrant, was also denied by the district court. Citing our opinion in United States v. Colkley, 899 F.2d 297, 303 (4th Cir. 1990), the district court determined that Madyun had not made a strong enough preliminary showing of the affiant's intent to mislead necessary to have met the burden for a Franks evidentiary hearing. It held that the differences were merely inconsistencies and were not the result of deliberate or reckless conduct.
 
 
 5
 Finally, the district court noted that even if the omitted evidence had been included into the affiant's statement, probable cause for the search warrant would not have been defeated, and even if the allegedly false information had been excluded, probable cause would yet have been shown.
 
 
 6
 The case then moved to trial, where the Government introduced evidence tending to show that because of its location in the bedroom, the Raven Arms firearm belonged to Madyun. The government showed that the Raven Arms gun was found next to a pile of state lottery tickets. The government then introduced three documents which, taken together, indicated that Madyun had previously purchased lottery tickets, that he had won money, that he had cashed in these tickets, and that he had used the winnings to pay off the balance on a car loan. Madyun objected to the introduction of these documents based on Fed. R. Evid. 403. He argued that there would be undue prejudice to him if the jury learned that he gambled. The district court, weighing the undue prejudice with the probative value of connecting Madyun with the gun, admitted the evidence over his objection.
 
 
 7
 Also introduced into evidence by Madyun was a partiallyunredacted property report prepared after the execution of the search warrant, listing Madyun as the owner of the items seized. The morning before the jury was to see this exhibit the attorney for the Government discovered some references in the document that could have been unduly prejudicial to Madyun.[1] Upon realizing that the document he had himself introduced into evidence contained other potentially prejudicial facts, defense counsel attempted to withdraw the exhibit. Specifically, defense counsel objected to the listing of Madyun as the "owner or claimant" of the items seized listed in the property report. He argued that the unredacted property report went to the ultimate issue at the trial (e.g., ownership of the firearms) and the jury should not be allowed to see it. The district court redacted all references to "homicide" and references to the status of the weapons as stolen or not, leaving everything else for the jury.
 
 
 8
 There was one last incident at the trial that Madyun takes issue with now. During jury deliberations, the district court received a note from the jury asking whether they could see the search warrants. The district judge, in an effort to clarify the roles and duties of the jury, answered "no" to the jury and also responded:
 
 
 9
 [t]he question of the legality of the search warrants is one of law. The search warrants were previously submitted to the Court, and the Court previously ruled that the searches were legal. It is not evidence in this case, and is not something to be submitted to the jury.
 
 
 10
 After further deliberation, the jury found Madyun guilty of both counts of possession of a firearm under 18 U.S.C.s 924(g).
 
 
 11
 With respect to the first search warrant issued by the Maryland authorities, we are of opinion that probable cause was stated in the affidavit. We are further of opinion that the district court correctly decided that even with the allegedly false information taken out of the affidavit, probable cause would yet have been shown; and that with the allegedly omitted information included in the affidavit, probable cause would also yet have been shown. We also agree with the district court that the allegedly false information amounted to no more than inconsistencies and was not the result of deliberate or reckless conduct.[2] Thus, the district court's reliance on Colkley was proper because Madyun had not made a sufficiently strong preliminary showing of any intent on the part of the officers to mislead the magistrate. This assignment of error is without merit.
 
 
 12
 With respect to the argument that the evidence of cashing lottery tickets was prejudicial because it showed illegal gambling activity, we are again of opinion that the district court did not err. In the first place, there is no evidence that the lottery was illegal, and we will not presume that it was. Participation in a legal lottery such as those sponsored by many of the States is not proof of any kind of a crime or other bad act so as to constitute inadmissible evidence. Even if receipt of lottery winnings would have indicated illegal gambling, we think the district court's decision that the relevance outweighed any prejudice was not an abuse of discretion under Federal Rule of Evidence 403.
 
 
 13
 With respect to the district court's decision that it would not permit Madyun to withdraw the police property report that he had introduced because it indicated an address and ownership of a weapon that he disputed, we think that the district court's redaction of that part of the report indicating stolen firearms and that the report was in connection with a homicide investigation, but declining to permit the withdrawal of the report, was not an abuse of discretion.
 
 
 14
 We are further of opinion that the district court's answer to the jury's request to see the search warrants was correct.
 
 The judgment of conviction is accordingly
 
 15
 AFFIRMED.
 
 
 
 [1]
 Great pains were taken at trial to keep the jury from knowing that the firearms Madyun was charged with were recovered pursuant to a homicide investigation. The property report had a blank that asked the officer filling it out what type of case or incident the report was for. This space in Madyun's case had "homicide" written in it. The district court redacted any reference to homicide in the document before the jury was able to see it, as well as redacting any reference in the property report to the status of the firearms as either stolen or not stolen
 
 
 [2]
 Finally, we note that the district court relied on the fact that inconsistencies between affidavits prepared with some urgency, as here, and those prepared with deliberation some months later are not surprising